No. 7099.

CHISM & BOYD vs. THOMAS ONG ET AL.   E. E. CHUBBUCK, INTERVENOR.

An Intervenor, not having prayed for citation against Plaintiff, is no party to the latter's suit and cannot offer evidence on the trial of the case.

APPEAL from the Second Judicial District Court, parish of St. Bernard.   *Pardee*, J.

*Singleton & Browne* for Plaintiffs and Appellees.

*T. J. Bartlette* for Intervenor and Appellant.

The opinion of the Court was delivered by

LEVY, J.   The plaintiffs, Chism & Boyd, transferrees of a lease from Mrs. Elodie Verret, wife of L. Leon Bernard, brought suit against the defendant Thomas Ong for a balance of $4500 due on the lease of a plantation in the parish of St. Bernard, and provisionally seized the personal property and mules used on said plantation in its cultivation, and prayed for judgment with lessor's lien and privilege.   This suit was brought on 17th of February, 1877, and on 6th of March following, default was entered against defendant.

On 5th of March in same year, E. E. Chubbuck intervened in said suit and excepted to the jurisdiction of the court, and prayed that, if the court maintained jurisdiction, then intervenor should have his judgment against defendant paid in preference to plaintiffs' claim for rent.   There was no prayer in this petition of intervention that any one should be cited, no citation was issued, and no one was cited.

When the plaintiffs, by counsel, was about to have the judgment by default confirmed and final judgment rendered, the intervenor offered to introduce evidence to prove up his intervention, plaintiffs' counsel objected to the reception of intervenor's evidence on the ground that he was not a party to the suit and had no interest therein.   There had been no prayer even for citation, and no citation had been served on plaintiffs; the intervention was not at issue and the court below correctly refused to hear intervenor.   It is true the intervenor should be always ready and cannot retard the principal suit, yet it would surely not be just nor legal to allow him to urge his demand and make out his case, without citation to the other parties and without his case having been put at

issue. He could claim and would be allowed time to cite the party against whom it is directed, delays to answer, etc. 16 La. 265; 3 An. 331; 32 An. 765. There is no error in the judgment appealed from, and it is, therefore, affirmed with costs.